## In re NORTH AMERICAN LIGHT & POWER CO. et al.

### Civ. A. 1033.

United States District Court
D. Delaware.
July 16, 1952.

Myron S. Isaacs, Chief Counsel, Division of Public Utilities, and Frank Field, both of Washington, D. C., for the Securities and Exchange Commission.

E. Ennalls Berl, of Berl, Potter & Anderson, of Wilmington, Del., for James F. Masterson.

H. S. French, of French & Biscoe, of Washington, D. C., for Lewis M. Dabney, Jr.

John Mulford, of Drinker, Biddle & Reath, of Philadelphia, Pa., for amicus curiae.

LEAHY, Chief Judge.

In this matter the SEC has asked for rehearing, which was granted, and Drinker, Biddle & Reath, Philadelphia law firm, for themselves and for Drexel & Co., asked leave to file a brief as Amicus Curiae. The SEC frankly stated it was alarmed by a certain discussion in my former opinion, D.C.Del., 101 F.Supp. 931, which suggested the SEC had no grant of congressional power to fix attorneys' fees in reorganization proceedings under § 11(e) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79k(e); and Drinker, Biddle & Reath, as Amicus, argue I held there was no such power and if that was not the holding, I should so decide now on rehearing. The precise point urged, however, by Amicus, is that where a subject company hires attorneys of its own choice and as a result of the lawyer-client relationship both parties at arm's length agree on the value of legal services, the SEC has no power to disturb that arrangement. The blunt challenge is put to the SEC as to where in the Act is their power to fix fees conferred.

I do not think my opinion of December 3, 1951, should be changed. After rereading that opinion and hearing counsel on reargument, I do not think the opinion holds the SEC has no jurisdiction whatsoever in setting the fees of counsel who appear before it in a § 11(e) proceeding. The holding of the opinion is simply, under the facts of the case at bar, the SEC did not give full weight to an important factor in setting the lawyer's fee, i. e., the lawyer-client relationship. My remarks as to the jurisdiction of the SEC were simply made to note it is not expressly given the authority to set fees by the terms of § 11(e) itself. In fairness to the SEC, the precise point urged by Amicus was not argued and was not in issue. The applicant Masterson on rehearing avowedly stated there was no intention on his part to inject this concept

into the case. It was not in the case. And it should not be permitted to enter the case by the attempts of Amicus Curiae to engraft it on this particular litigation.

Even if Congress had expressly given the power to the SEC to set fees in § 11(e) proceedings, my conclusion as to the disposition of Masterson's claim would not be changed since I still would have review power—which the SEC concedes—and in the factual context here, would exercise such review power to allow for the additional compensation sought by Masterson and agreed upon by his client, the North American Light & Power Company.

An order on the main opinion may be submitted.