## NATIONAL LABOR RELATIONS BOARD v. PITTS-BURGH STEAMSHIP CO.

No. 42.   Argued November 6, 1950.—Decided February 26, 1951.

*Robert L. Stern* argued the cause for petitioner. With him on the brief were *Solicitor General Perlman, David P. Findling* and *Mozart G. Ratner.*

*Nathan L. Miller* argued the cause for respondent. With him on the brief were *Lee C. Hinslea, Lucian Y. Ray* and *Roger M. Blough.*

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

We brought this case here because on an important phase in the administration of the National Labor Relations Act it was in conflict with *Universal Camera Corp.* v. *Labor Board,* 179 F. 2d 749, just decided, *ante,* p. 474. Our decision in that case controls this. Since the court below applied what we have found to be the requisite standard in reviewing an order of the Labor Board, there remains only the contention that in any event there was no justification for the court below to find the Board's order to be unsupported "by substantial evidence on the record considered as a whole." This is an issue that does not call for extended discussion.

The case is before us for the second time. It arises from the petition of the Pittsburgh Steamship Company to review an order of the Board, entered August 13, 1946, directing it to reinstate a dismissed employee and to terminate what were found to be coercive and discriminatory labor practices. 69 N. L. R. B. 1395. The Court of Appeals originally denied enforcement on its finding that the order was vitiated by an underlying bias on the part of the trial examiner. 167 F. 2d 126. On certiorari, we rejected the Court of Appeals' conclusion that resolution of every controverted fact in favor of the Board

established invalidating bias on the examiner's part. We also found that the record disclosed "evidence substantial enough under the Wagner Act." 337 U. S. 656, 661. That conclusion, it is proper to say, was reached on the assumption that under the Wagner Act substantiality was satisfied if there was evidence in the record in support of the Board's conclusions. But we remanded the case to the Court of Appeals to consider the effect on its reviewing duty of the Administrative Procedure and the Taft-Hartley Acts, both having come into force between the Board's order and the Court of Appeals decision. The Court of Appeals has now held, in accordance with our own view, that the scope of review had been extended "beyond the requirements of the Wagner Act," 180 F. 2d 731, 736, and that in the light of the new requirements the record considered as a whole disentitled enforcement of the order.

The Government concedes, we think rightly, that the scope of the court's reviewing power was governed by the legislation in force at the time that power was exercised even though the Board's order antedated such legislation. See *United States* v. *Hooe,* 3 Cranch 73, 79, and compare *Ex parte McCardle,* 7 Wall. 506.

The acts claimed to constitute unfair labor practices took place during the campaign of the National Maritime Union to organize the unlicensed employees of the respondent's 73 vessels, plying on the Great Lakes, during the winter and spring of 1944. The Board adopted the findings and conclusions of its trial examiner and held that the respondent had engaged for several months preceding the election in a deliberate course of antiunion conduct, thereby interfering with the rights of employees guaranteed by § 7 of the Wagner Act.

This conclusion was based in part on the discharge of a seaman who was one of the union organizers. The Board disbelieved some of the testimony justifying dis-

missal on the ground of incompetence and other evidence it deemed so insubstantial that it drew the "plain inference" that the discharge was "for reasons aside from the manner in which he performed his work." 69 N. L. R. B. at 1420. The Board also relied on the testimony of union organizers, partly corroborated, that officers of some of the respondent's ships had expressed hostility to the union, in conversation with members of crews or in their presence. Evidence of respondent's intent to coerce employees was also found in two letters of the president of the steamship company circulated among the crews. Each assured that union membership would not affect an employee's position in the company. But an officer of the union testified that some of the policies attributed to the union in the letters were inaccurate and the Board found that these letters, although "not unlawful *per se* . . . constitute an integral and inseparable part of the respondent's otherwise illegal course of conduct and when so viewed they assume a coercive character which is not privileged by the right of free speech." 69 N. L. R. B. at 1396.*

Since the court below had originally found that the Board's order was vitiated by the examiner's bias, we must take care that the court has not been influenced by that feeling, however unconsciously, on reconsidering the record now legally freed from such imputation. Consideration of the opinion below in light of a careful reading of the entire record convinces us that the momentum of its prior decision did not enter into the decision now under review. The opinion was written by a different

---

*Since we do not disturb the conclusion of the Court of Appeals that these letters are not substantial evidence of an unfair labor practice under the Wagner Act, we express no opinion on the possible effect of § 8 (c) of the Taft-Hartley Act. 61 Stat. 142, 29 U. S. C. (Supp. III) § 158 (c). This section provides that expression of views, argument or opinion shall not be evidence of an unfair practice.

judge, and the court was differently constituted. The new member was a judge well versed in matters of industrial relations and not likely to be unsympathetic with such findings as were here made by the Board. The court painstakingly reviewed the record and unanimously concluded that the inferences on which the Board's findings were based were so overborne by evidence calling for contrary inferences that the findings of the Board could not, on the consideration of the whole record, be deemed to be supported by "substantial" evidence.

Were we called upon to pass on the Board's conclusions in the first instance or to make an independent review of the review by the Court of Appeals, we might well support the Board's conclusion and reject that of the court below. But Congress has charged the Courts of Appeals and not this Court with the normal and primary responsibility for granting or denying enforcement of Labor Board orders. "The jurisdiction of the court [of appeals] shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review . . . by the Supreme Court of the United States upon writ of certiorari . . . ." Taft-Hartley Act, § 10 (e), 61 Stat. 148, 29 U. S. C. (Supp. III) § 160 (e). Certiorari is granted only "in cases involving principles the settlement of which is of importance to the public as distinguished from that of the parties, and in cases where there is a real and embarrassing conflict of opinion and authority between the circuit courts of appeal." *Layne & Bowler Corp.* v. *Western Well Works,* 261 U. S. 387, 393; Revised Rules of the Supreme Court of the United States, Rule 38 (5). The same considerations that should lead us to leave undisturbed, by denying certiorari, decisions of Courts of Appeals involving solely a fair assessment of a record on the issue of unsubstantiality, ought to lead us to do no more than decide that there was such a

fair assessment when the case is here, as this is, on other legal issues.

This is not the place to review a conflict of evidence nor to reverse a Court of Appeals because were we in its place we would find the record tilting one way rather than the other, though fair-minded judges could find it tilting either way. It is not for us to invite review by this Court of decisions turning solely on evaluation of testimony where on a conscientious consideration of the entire record a Court of Appeals under the new dispensation finds the Board's order unsubstantiated. In such situations we should "adhere to the usual rule of non-interference where conclusions of Circuit Courts of Appeals depend on appreciation of circumstances which admit of different interpretations." *Federal Trade Comm'n* v. *American Tobacco Co.,* 274 U. S. 543, 544.

*Affirmed.*