## NATIONAL LABOR RELATIONS BOARD v. RED SPOT ELECTRIC CO. et al.

### No. 12804.

United States Court of Appeals
Ninth Circuit.
June 20, 1951.

A. Norman Somers, Asst. Gen. Counsel, NLRB, Washington, D. C., Louis S. Penfield, Attorney, NLRB, San Francisco, Cal., for petitioner.

No other appearances were entered.

Before ORR and POPE, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

The National Labor Relations Board moves for summary entry of decree of enforcement of an order of the Board, which was entered by rule, and which automatically, without examination, adopted the intermediate report of the Trial Examiner, wherein it was found·that respondent was engaged in commerce, had in violation of the Act discriminatorily discharged sixteen employees and had interfered with, restrained and coerced employees in the exercise of rights guaranteed by the Act. The action of the Board in adopting automatically the intermediate report is explicitly authorized by regulations [1] based upon a section of the Act,[2] where, as here, the respondent did not file exceptions thereto. No appearance has been made by respondents in this Court.

In this posture of the case, it is strongly urged that this Court has no authority to examine the record, but is imperatively compelled to order enforcement summarily. There is no language in the enactment which points to the conclusion so desired. The whole structure of the law demands judicial consideration when an order of enforcement is prayed.[3] If mechan-

1. 29 C.F.R. §§ 101.12, 102.48.

2. 29 U.S.C.A. § 160 (c) provides for the recommended order of the examiner automatically becoming the order of the Board in the absence of exceptions thereto.

3. 29 C.F.R. §§ 101.12, 102.48, seeks to provide that "objections" of a party not transmuted into "exceptions" for admin-

istrative review are waived. But such a self-serving proviso cannot limit judicial discretion in determining whether a mandatory order shall be issued and is therefore unenforceable. 29 U.S.C.A. §§ 156, 160(e). 29 U.S.C.A. § 160(e) limits court consideration of an objection made by a party only where this objection has not been urged before "the Board, its member, agent, or agency".

ical sanctions were required, these could have been provided without the necessity of appeal to the courts.

 The General Counsel here seems to seek a plenary power to have the order enforced, no matter how unjust it might be and even though the Board itself has never actually examined the record. This mechanistic approach cannot be justified. Since the problem is not the right of the party litigant, but solely the jurisdiction and authority of this Court, certain analogies serve us here. Even where there was a default in a case of equitable cognizance, the practice of many trial courts, reflecting the ancient chancery procedure,[4] has been to take proofs before decree. Also, it has been the custom for appellate courts to take notice of manifest error to which no exception has been taken.[5] The postulates of jurisdiction of the Board[6] and of the Court[7] itself must be examined without fail. The proposition of automatic enforcement of an order of a trial examiner, unexamined by the Board, was certainly not contemplated by the amendments of the Act. On the other hand, the whole tenor thereof effectually negatives the idea. The adoption of the interpretation urged would be a retrogression toward the outmoded concepts now discarded.[8]

 In any event, it has now been held that the amendments of the Act required a stricter rule of construction than hitherto and that the courts have a much broader sphere of action in determining what orders are to be enforced. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456; National Labor Relations Board v. Pittsburgh Steamship Co., 340 U.S. 498, 71 S.Ct. 453.

 Therefore, simply because the power of a party in default to take action as of right may have been delimited by Congress, there is no intimation that the power of judicial scrutiny was destroyed when the Board came as suitors praying sanctions upon a report, neither the entry nor the contents of which has been considered by them. As a result, summary enforcement has been denied.

 The record of this case has been meticulously and deliberately reviewed. The jurisdiction of the Board is clear. The Court has power to consider the cause. The findings of the Trial Examiner[9] are each supported by substantial evidence.

Decree will enter enforcing order.

POPE, Circuit Judge (concurring).

I approve the judgment of the court as announced in the majority opinion, and agree that upon a petition of this kind we should carefully examine the record for the purpose of determining that the Board had jurisdiction to make its order and that it has

While it is probable that this proviso has no application to the power of the Court to refuse enforcement of an arbitrary or extrajudicial order, in this instance objections were made by Red Spot before the Trial Examiner, an agent of the Board.

4. Thomson v. Wooster, 114 U.S. 104, 110, 119, 5 S.Ct. 788, 29 L.Ed. 105.

5. Wiborg v. United States, 163 U.S. 632, 658, 16 S.Ct. 1127, 1197, 41 L.Ed. 289; Clyatt v. United States, 197 U.S. 207, 221, 222, 25 S.Ct. 429, 49 L.Ed. 726.

6. In National Labor Relations Board v. Cheney California Lumber Co., 327 U.S. 385, 388, 66 S.Ct. 553, 554, 90 L.Ed. 739, it is said: "Since the court is ordering entry of a decree, it need not render such a decree if the Board has patently traveled outside the orbit of its authority so that there is legally speaking no order to enforce." The other points of

the opinion are subject to the change of the statutes.

7. United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263.

8. General Counsel for the Board dwells at length upon opinions prior to the amendment, but these, of course, give no light. Great emphasis is laid upon the congressional debate, but, in view of the passage of the Administrative Procedure Act, especially 5 U.S.C.A. § 1009(e), and the declared intent in this enactment to give final powers of interpretation to the courts, the words spoken cannot be fitted into the construction demanded by counsel.

9. If the Examiner has committed a flagrant error, the General Counsel should not seek enforcement, and, if he should, the Court is not powerless to prevent injustice under the present statute.

not "traveled outside the orbit of its authority". Such procedure is in conformity with the ancient practice of courts of equity when asked to enter a default decree.

With respect to other matters stated or suggested by the opinion, I do not think that the rule of National Labor Relations Board v. Cheney California Lumber Co., 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739, has been modified either by the language of the statute or by anything said in Universal Camera Corp. v. Labor Board, 340 U.S. 474, 71 S.Ct. 456, or in Labor Board v. Pittsburg SS. Co., 340 U.S. 498, 71 S.Ct. 453. The language of § 10(e) of the Act quoted and relied upon in the Cheney Lumber Company case has not been changed in the later Act.