## TAMPA TIMES CO. v. NATIONAL LABOR RELATIONS BOARD.

No. 13572.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1952.

George W. Ericksen, Tampa, Fl., Meredith M. Daubin, Washington, D. C., for petitioner.

William J. Rains, Atty. NLRB, Atlanta, Ga., A. Norman Somers, Asst. Gen. Cnsl. NLRB, and David P. Findling, Assoc. Gen. Cnsl. NLRB, Washington, D. C., for respondent.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

The petitioner, pursuant to Section 10(f) of the Act, 29 U.S.C.A. § 160(f), seeks review of an order of the National Labor Relations Board, and the latter has filed a cross-petition, under Section 10(e), requesting enforcement of its order. The Board ordered petitioner to cease and desist from unfair labor practices in violation of Section 8(a) (1) and (3) of the Act, 29 U.S.C.A. § 158(a) (1, 3), and from in any other manner interfering with its employees in the exercise of the rights guaranteed to them by the Act. Affirmatively, the order requires petitioner to reinstate Charles Wilford, Sr., with back pay, and to post the usual appropriate notices.

The petitioner contends that the order is erroneous in every respect, and urges that it be set aside and annulled; it denies threatening its employees with discharge or other reprisals in order to affect their union activities; denies that certain conversations with employees were violations of the Act; denies that Wilford was discharged on account of his union activities, and affirmatively avers that he was discharged because he was the employee with the least seniority in the mailing room, having been with the company only five and one-half weeks, when an employee with a higher seniority, who had been on sick leave, returned for duty. This employee, it uncontrovertibly appears, had worked in that department for over seven and a half years, and the discharge of employees with least seniority, in these circumstances, was an established practice with the company.

We recognize our duty to review the evidence in a case like this, and have done so in the light of Universal Camera Corporation v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, and National Labor Relations Board v. Pittsburgh Steamship Company, 340 U.S. 498, 71 S.Ct. 453, 95 L.Ed. 479. The petitioner relies upon all of its rights of free speech under the Act, as amended, and un-

der the Constitution; but, without infringing upon those rights, we have concluded that, upon the whole record, there is substantial evidence to support the Board's finding of unfair labor practices by threatening employees and interrogating them concerning their interest in the union and activity on behalf of the union.

We find no substantial evidence, however, to support the finding that Charles C. Wilford, Sr., was discriminated against or discharged on account of his union activities. This finding and the portion of the order based thereon should be set aside. We cannot disregard the uncontradicted testimony that the men who were responsible for Wilford's discharge did not know of his union activities. The inference that he was discharged on account of such activities may not be drawn merely from the fact that the activities preceded the discharge. *Post hoc ergo propter hoc* is not sound logic. The order of the Board should be enforced except as to the reinstatement of this employee. Let the order be modified accordingly. The motion of petitioner to adduce additional evidence is denied.

Modified and Enforced.