### In re NORTH AMERICAN LIGHT & POWER CO. et al.

### SECURITIES & EXCHANGE COMMISSION v. MASTERSON.

No. 10935.

United States Court of Appeals Third Circuit.

Argued Feb. 19, 1953.

Decided March 11, 1953.

Roger S. Foster, Washington, D. C. (Myron S. Issacs, Chief Counsel, Division of Public Utilities, Myer Feldman, Sp. Counsel and Frank Field, Atty., Securities and Exchange Commission, Washington, D. C., on the brief), for appellant.

E. Ennalls Berl, Wilmington, Del., for Masterson.

Thomas Reath, Philadelphia, Pa. (John Mulford, Drinker, Biddle & Reath, Philadelphia, Pa., on the brief), amicus curiae.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from a decision by the United States District Court for the District of Delaware denying in part an application filed with that Court by the Securities and Exchange Commission pursuant to section 11(e) of the Public Utility Holding Company Act of 1935.[1] That application requested enforcement of a plan submitted to the Commission by North American Light & Power Company and approved by the Commission. The appeal challenges the order of the court below insofar as it denied enforcement of provisions of a plan which, pursuant to a Commission order, limited counsel fees to be paid to one James F. Masterson, an attorney. The Commission found that the fee of $21,975 and expenses of $615.47 already paid Masterson constituted adequate compensation for the services he had performed in the proceedings. The District Court directed the Commission to permit the payment of an additional $10,000 in counsel fees to Masterson.

The facts and controversy are stated in detail in the opinion of the District Court, 1951, 101 F.Supp. 931 and its Memorandum on Rehearing, 1952, 106 F.Supp. 686.

The primary question presented in this appeal is whether there was a permissible exercise of the District Court's judgment in the performance of its reviewing function as a statutory enforcement court under Section 11(e) of the Holding Company Act of 1935.

As we understand the District Court's holding, it concluded that in all the circumstances of this case the Securities and Exchange Commission exercised its power over fees in the way that was not just and reasonable when it awarded Masterson attorney's fees in an amount less than that sought by him and agreed upon by his client, the North American Light & Power Company.

Upon consideration of the record we are of the opinion that the District Court's action was a permissible exercise of its judgment in the performance of its reviewing function and that it should not be disturbed. Cf. Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; National Labor Relations Board v. Pittsburgh Steamship Co., 1951, 340 U.S. 498, 71 S. Ct. 453, 95 L.Ed. 479; National Labor Relations Board v. American National Insurance Co., 1952, 343 U.S. 395, 409, 410, 72 S.Ct. 824, 96 L.Ed. 1027.

For the reasons stated the order of the District Court will be affirmed.

1. 15 U.S.C.A. § 79k(e).