**NATIONAL LABOR RELATIONS BOARD**

v.

**INTERNATIONAL BROADCAST-ING CO.**

No. 14540.

United States Court of Appeals Fifth Circuit.

Feb. 12, 1954.

George J. Bott, Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Associate Gen. Counsel, Arnold Ordman, Louis Schwartz, Attys., N. L.R.B., Washington, D. C., for petitioner.

William H. Bronson, T. Haller Jackson, Jr., Shreveport, La., Tucker, Bronson & Martin, Shreveport, La., of counsel, for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is a small case, but the record, briefs, and appendix, cover 1005 printed pages. The suit involves a unit for bargaining purposes consisting of five employees, announcers in a broadcasting station. The unit originally petitioned for an election to include announcers, control operators, and perhaps some others; but the board found that an appropriate unit consisted of the five announcers. The unit had three announcers signed as members at the time it petitioned for an election, the other two employees in the unit having refused to sign. One of the three announcers that had signed the petition left for the war, and that left the union with only two of the four. The union then dismissed its petition for certification, and waited for some cause to make an unfair-labor-practice charge against respondent. In September, 1950, one of the remaining union members was discharged, and the union filed a complaint. Later, the remaining one, Marshall, was discharged and the union filed an amended complaint of interference with the union, refusal to bargain, and unlawful discharge.

The examiner held for the union in all respects, including the fact that the employers were opposed to the union and did things to discourage its formation, that the two men were discharged because of union activity and not for the reasons given by their employers, and that the employer refused to bargain with the union. The board sustained

the examiner's findings as to the discharge and as to the instances of interference, but not as to respondent's refusal to bargain, for the obvious reason that the union originally wanted a different unit and, when it got the unit limited to announcers, it never asked the company to bargain before it lost its majority. The board nevertheless, some members dissenting, made an order that the respondent bargain with a union that had never been the representative of its employees. The employer contests the order on the grounds, among others, that it was deprived of its constitutional rights from a procedural standpoint; that it was deprived of its trial rights by the refusal of the examiner and the board to enforce its subpoenas requiring the general counsel to produce affidavits that had been obtained from discharged employees; that there was no evidence to support the findings of the board as to the discharges being for union activity because, as the respondent insists, they were made for the reasons assigned by the employer; because the inquiries made by the employer were within Section 8(c), 29 U.S.C.A. § 158(c), and the constitutional right of the employer to free speech; and finally because most of these acts occurred over six months before the filing of the complaint.

 After a careful reading of the record, we think that the respondent did not have a fair trial from a procedural standpoint, but it would serve no good purpose to belabor the point. We place our decision on the ground that the evidence shows clearly that the employer had just cause to discharge these employees; and that, considering the record as a whole, its doing so was not an unfair labor practice, and there was no substantial evidence to warrant a fair inference to the contrary. The entire problem of the substantiality of evidence was discussed in Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S. Ct. 456, 95 L.Ed. 456, wherein the court said that the substantiality of evidence must take into account whatever in the record fairly detracts from its weight,

and that a reviewing court is not barred from setting aside a board's decision when it cannot conscientiously find that the evidence supporting it is substantial, when viewed in the light that the record in its entirety furnishes, "including the body of evidence opposed to the Board's view." At page 490 of 340 U.S., at page 465 of 71 S.Ct., the court further said: "We should fail in our duty to effectuate the will of Congress if we denied recognition to expressed Congressional disapproval of the finality accorded to Labor Board findings by some decisions of this and lower courts, or even of the atmosphere which may have favored those decisions." 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. See also N. L. R. B. v. Pittsburgh Steamship Co., 340 U.S. 498, 71 S. Ct. 453, 95 L.Ed. 479.

Accordingly, we think the petition to enforce the order of the board should be denied. It is so ordered.

Denied.

RIVES, Circuit Judge, concurs in the result.