## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## FANT MILLING COMPANY, Respondent.

### No. 16953.

United States Court of Appeals
Fifth Circuit.

Dec. 15, 1959.

Stuart Rothman, Gen. Counsel, Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel, Atty., Jerome D. Fenton, Gen. Counsel, Maurice Alexandre, Atty., N.L.R.B., Washington, D. C., for petitioner.

C. H. Gillespie, Jr., Sherman, Tex., O. B. Fisher, J. D. McLaughlin, Paris, Tex., Gillespie & Gillespie, Sherman, Tex., Fisher, McLaughlin & Harrison, Paris, Tex., for respondent.

Before JONES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This case is back after reversal by the Supreme Court, 1959, 360 U.S. 301, 79 S.Ct. 1179, 1184, 3 L.Ed.2d 1243, of our former opinion, 5 Cir., 1958, 258 F.2d 851, for consideration in the light of footnote 10 which remanded it to us for further action.[1] Judge Rives' factual summary covered three matters occurring within the six months of the § 10

---

1. Footnote 10 was appended to the last word of the opinion and read:

"10. The Board urges that we instruct the Court of Appeals to enforce the Board's order. We decline to do so. Cf. National Labor Relations Board v. Pittsburgh S.S. Co., 340 U.S. 498, 71 S.Ct. 453, 95 L.Ed. 479. However, we think it appropriate to state that if the factual summary contained in Judge Rives' dissenting opinion finds support in the record as a whole, the Board's order should be enforced 'even though the court would justifiably have made a different choice had the matter been before it de novo.' Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456, 467."

**774**

(b) charge and two items occurring thereafter. 29 U.S.C.A. § 160(b). These two subsequent items were (1) the employer's wage increase of October 7, 1954, and (2) the employer's withdrawal on November 19, 1954 of recognition of the union on the ground that the union no longer represented the majority of its employees.[2]

As our study of the record pursuant to the mandate convinces us that there was substantial evidence on the record as a whole in support of at least one of these two subsequent items, neither of which was previously assayed by the majority on the prior hearing because of the holding on § 10(b), we find it unnecessary to reconsider those matters occurring within the six-month period. In accordance with the mandate, it follows that the Board's order should be enforced.

Enforced.

---

2. These are summarized in Judge Rives' dissenting opinion, 5 Cir., 258 F.2d 851, 859 at page 860 and detailed in his note No. 1.