**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNITED PACKINGHOUSE WORKERS OF AMERICA, AFL–CIO, and its Local No. 680; and Thomas H. Vincent, as agent for United Packinghouse Workers of America, AFL–CIO, Respondents.**

No. 17842.

United States Court of Appeals
Fifth Circuit.

Feb. 9, 1960.

Melvin Pollack, Atty., Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Hugo L. Black, Jr., Birmingham, Ala., Eugene Cotton, Chicago, Ill., for respondents.

Before RIVES, Chief Judge, and JONES and BROWN, Circuit Judges.

PER CURIAM.

The Board seeks enforcement of its order, 123 NLRB 53, holding that the

respondent Union violated § 8(b) (1) (A) while conducting a strike at the Tuscaloosa plant of the Employer. 29 U.S.C.A. § 158(b) (1) (A). The "unlawful conduct consisted of inciting, encouraging and participating in mass picketing of the Employer's premises; threatening to assault and assaulting nonstriking employees; permitting pickets to carry heavy sticks and clubs; interfering with ingress and egress at the Employer's premises; threatening employees of the Employer's Selma plant when they approached the picket line; and physically preventing supervisors from entering upon the Company's premises."

■■■ The Union does not seriously question either the conduct, its unlawful violent character, or Union responsibility for it. Indeed, it has no valid defense. The Regional Director refused to dismiss the charge upon joint application for withdrawal filed by the charging party and Union after settlement of the strike but before hearing. But the record does not show an abuse of the Board's discretion to determine whether it would be in the public interest to abandon a proceeding because of an asserted private settlement. See N. L. R. B. v. Federal Engineering Co., 6 Cir., 1946, 153 F.2d 233, 234; N. L. R. B. v. E. A. Laboratories, 2 Cir., 1951, 188 F.2d 885, 887, certiorari denied 342 U.S. 871, 72 S.Ct. 110, 96 L.Ed. 655. "The Board was created not to adjudicate private controversies but to advance the public interest * * *." N. L. R. B. v. Fant Milling Co., 1959, 360 U.S. 301, 307–308, 79 S.Ct. 1179, 1183, 3 L.Ed.2d 1243, 1248, enforced on remand, 5 Cir., 1959, 272 F.2d 773. The assertion that the Union has complied with the order neither makes it moot nor deprives the Court of the power to issue the order. N. L. R. B. v. Mexia Textile Mills, Inc., 1950, 339 U.S. 563, 567–568, 70 S.Ct. 826, 833, 94 L.Ed. 1067, 1071–1072; N. L. R. B. v. Local 926, Int. Union of Operating Engineers, 5 Cir., 1959, 267 F.2d 418, 420.

Enforced.