**Charles L. WARD, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

No. 19380.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1962.

Rehearing Denied Jan. 15, 1963.

Thomas E. Joiner, Atlanta, Ga., for appellant.

Charles L. Goodson, U. S. Atty., Slayton Clemmons, Asst. U. S. Atty., Atlanta, Ga., Morton Hollander, Murray H. Bring, Attys., Dept. of Justice, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Charles L. Ward, was an automobile mechanic. After being in an automobile accident, Ward began having pain in his neck and shoulders. It was found that the pain resulted from a ruptured disc. Treatment did not eliminate the pain and the disc was removed by surgery. He obtained employment as a gate watchman at which he worked for about two years. He left this job and has not since been employed. He sought to establish a period of disability under Section 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i). The

administrative proceeding resulted in a decision of the Secretary of Health, Education and Welfare that, although Ward continued to have some pain in his neck and back, the evidence did not show his over-all ability to be so severely affected as "to continuously prevent" him from engaging in some type of substantial gainful work. The jurisdiction of the District Court for the Northern District of Georgia was invoked to review the decision of the Secretary. The district court entered a summary judgment affirming the Secretary's decision. An appeal from that judgment is before us for determination.

■ The issue before the district court, under Section 205(g) of the Social Security Act,[1] was whether the finding of the Secretary on the question of disability was supported by substantial evidence. It is urged before us by the Secretary that the scope of review, which should be applied by this Court, in a substantiality case where a district court has passed upon the question, should be limited to a determination of whether the district court misapprehended or grossly misapplied the substantial evidence test. The Secretary would have us apply the same standard of review which is followed by the Supreme Court, in its review of the decision of a court of appeal in a case where the initial review is made by that court. Universal Camera Corporation v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; N.L.R.B. v. Pittsburgh Steamship Co., 340 U.S. 498, 71 S.Ct. 453, 95 L.Ed. 479; O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483. The Government makes an appealing argument that the Congress did not intend that there should be a review of the evidence by two courts for a determination of the substantiality of the evidence. However plausible this contention may be, we are not persuaded that we should depart from the judicial precedents holding otherwise. Flemming, Secretary, v. Booker, 5th Cir. 1960, 283 F.2d 321;

Roberson v. Ribicoff, Secretary, 6th Cir. 1962, 299 F.2d 761.

Disability, as defined by the Act, means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. 42 U.S.C.A. § 416(i) (1). The family physician was of the belief that Ward was permanently disabled. The neurosurgeons who examined Ward, and there were several of them, were pretty well of a single mind that he was, or would become in a reasonable period, capable of doing some type of work. The difficulty with their testimony is that they do not, nor do other witnesses, point to any kind of work which could be done by a person suffering the pain which Ward claims he suffers when engaging in activities such as might be productive of wages. The evidence presents a doubtful question on present disability. Hicks v. Flemming, 5th Cir. 1962, 302 F.2d 470; Varnado v. Flemming, 5th Cir. 1961, 295 F.2d 693; Butler v. Flemming, 5th Cir. 1961, 288 F.2d 591; Flemming v. Booker, supra.

■ The evidence does not end, however, with testimony as to the present disability of the appellant. The hearing examiner, in his report, set forth "that the reports of all the neurosurgeons who saw claimant and who, from training, are best qualified to determine the remediability of claimant's impairment, which is primarily a matter of pain, clearly show that his condition is remediable and his ability to work could be substantially improved" [by surgery]. The record supports the finding. Under a similar definition of disability this Court said, "Not until treatment has been tried and is found unavailing can it be said that a reasonable certainty of permanence appears." United States v. Hammond, 5th Cir. 1937, 87 F.2d 226. The foregoing language was recently quoted and followed in a decision by the Fourth Cir-

---

1. 42 U.S.C.A. § 405(g).

cuit in a Social Security disability case. There it was said:

"An impairment which is presently capable of being classified as remediable cannot meet the requirement that it be 'of long-continued and indefinite duration'. We think it plain that the express terms of the Act require a reasonable showing of the permanence of the disability." Bradey v. Ribicoff, 4th Cir. 1961, 298 F.2d 855.

The findings of the Secretary are supported by evidence. The inferences drawn are reasonable. Neither the Secretary nor the district court misapprehended or misapplied the law. The judgment of the district court is

Affirmed.