Charlie C. DAVIS, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 4397.

United States District Court
E. D. Texas,
Beaumont Division.
Jan. 29, 1963.

Lynn Walker, Sample & Walker, Beaumont, Tex., for plaintiff.

Wm. Wayne Justice, U. S. Atty., Bryan Blalock, Asst. U. S. Atty., Beaumont, Tex., for defendant.

FISHER, District Judge.

This cause of action is before the Court to review the final decision of the Secretary of Health, Education and Welfare denying the Plaintiff's application for disability insurance benefits under Title 42, § 423, U.S.C.A., and for the establishment of a period of disability under Title 42, § 416(i), U.S.C.A.

The Appeals Council rendered its final decision May 7, 1962, denying the claimant's application for disability insurance benefits because of claimant's failure to sustain the burden of proving that he has been continuously unable to engage in any substantial gainful activity by reason of severity of his impairment or impairments since September, 1952, as he alleges, or since on or before July 27, 1959, date of filing of the latest applica-

tion for the benefits sought herein, and thereafter.[1]

In this decision, the Appeals Council affirmed a decision of the Hearing Examiner, July 29, 1960.[2] The cause of action was originally filed by Plaintiff, January 18, 1961, but was remanded on motion of Defendant, March 9, 1961.[3]

Said cause of action was reinstated in the United States District Court, Eastern District of Texas, Beaumont Division, June 14, 1962, and a Motion For Summary Judgment was filed by Defendant, September 13, 1962. Briefs have been filed by both parties, the defendant contending that as a matter of law, the Secretary's action should be affirmed under the substantial evidence rule. It is the contention of the plaintiff that the Appeals Council and its Hearing Examiner erred in the strict construction of the "disability" provision of the Social Security Act;[4] and that there is not substantial evidence in the record upon which its decision can be based.

Judge Jones of the Fifth Circuit recently held in Ward v. Celebrezze, 311 F.2d 115, that the test as to substantial evidence is not the standard of review followed by the Supreme Court in its review of the decision of the Court of Appeals in a case where the initial review is made by the Court,[5] but rather, judicial precedence holds otherwise.[6]

■ The transcript filed by the Secretary is rather voluminous and the facts somewhat involved in that the plaintiff has filed applications for benefits some three separate times beginning in 1952, and has been examined by numerous doctors. The question before this Court being whether there is substantial evidence in the record supporting the Hearing Examiner and Appeals Council in finding that Plaintiff failed to establish "disability" under the Act.

Although a few of the doctors who examined Plaintiff did not make a specific finding of disability on the part of the plaintiff to perform manual labor, a summary of all of the medical evidence can lead to the only conclusion that Plaintiff is not able to engage in substantial gainful employment.[7]

■ Notwithstanding the accumulated medical opinions of the numerous doctors who examined Plaintiff, the Hearing Examiner and Appeals Council found against Plaintiff on the question of

1. Transcript of evidence filed by Defendant, May 7, 1962, p. 32.

2. Transcript of evidence filed by Defendant, July 29, 1960, p. 62.

3. "On this day came on to be considered the Motion of the Defendant, Abraham A. Ribicoff, Secretary of Health, Education and welfare, requesting the Court to remand this cause for further administrative proceedings and the Court having considered said Motion and being of the opinion that same should be granted, it is, therefore, ORDERED, ADJUDGED and DECREED that said cause be remanded to the Secretary of Health, Education and Welfare, Abraham A. Ribicoff, for the purpose of incorporating available evidence into the record and obtaining additional evidence, and for additional administrative action in connection therewith."

4. Title 42, § 416(i) (1), U.S.C.A., "'[D]isability' means (A) inability to engage in any substantial gainful activity by reason of any medical determinable

physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

5. Universal Camera Corporation v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456; N. L. R. B. v. Pittsburgh Steamship Co., 340 U.S. 498, 71 S.Ct. 453, 95 L.Ed. 479; O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.

6. Flemming, Secretary, v. Booker, 5th Cir. 1960, 283 F.2d 321; Roberson v. Ribicoff, Secretary, 6th Cir. 1962, 299 F.2d 761.

7. J. F. Shivers, M.D., Tr., pp. 143 and 158; M. E. Suehs, M.D., Tr., p. 145; James R. Gish, M.D., Tr., p. 148; John Q. Gilchrist, M.D., Tr., pp. 150 and 156; James L. Shepherd, M.D., Tr., p. 160; R. E. Swearingen, M.D., Tr., p. 170; V. P. Castleberry, M.D., Tr., p. 178; Seab J. Lewis, M.D., Tr., p. 182; H. A. Hooks, M.D., Tr., p. 185; P. W. Bailey, Jr., M.D., Tr., p. 203.

"disability." Since no reason for such holding is assigned, other than the legal conclusion that the plaintiff failed to discharge the burden of proving disability, we can only surmise that the Administrative Officers were influenced by the record of Plaintiff's earnings over the period of time, and also perhaps by the fact that he and his family had been the recipients of considerable welfare funds, both State and Federal. However, such facts, under a fair construction of the Social Security Act, should have no bearing on a claimant's right to receive benefits. The welfare program may result in benefiting the undeserving as well as the deserving.

 Judge Brown of the Fifth Circuit, in Hayes v. Celebrezze, 311 F.2d 648, sets out the test to be followed and states that in finding the answer, " 'mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available.' Stringent as is the statutory standard of disability, it is to be administered with reason where otherwise few would ever be able to qualify. This was pointed out by Judge Rives in a decision which we have many times approved 'No matter how infirm, or disabled, or sick a man is, if he still possesses some of his faculties in some degree of mobility he is not in the strictest sense unable to perform "any substantial gainful activity." ' For this reason once the claimant makes a substantial showing, the burden resting generally on the Claimant to make out a claim is not to be carried to the logical extreme of forcing him to negative his capacity to do every possible job in the catalogue of the nation's industrial occupations." [8]

From all of the medical testimony, it appears that Plaintiff has offered an abundance of proof to show his inability to engage in any substantial gainful activity by reason of a medical determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration and for this reason, the Court feels that the Hearing Examiner and Appeals Council were in error in not finding in favor of Plaintiff.

It is therefore ORDERED and ADJUDGED that the decision of the Secretary be reversed and that the plaintiff be entitled to a period of disability beginning with the date claimed and that Plaintiff further is entitled to disability insurance benefits. Let judgment be entered accordingly.

---

8. Hicks v. Flemming, 5 Cir., 1962, 302 F. 2d 470; Kerner v. Flemming, 2 Cir., 1960, 283 F.2d 916; Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591, 594; Kerner v. Flemming, 2 Cir., 1960, 283 F.2d 916, 921; Aaron v. Flemming, M.D.Ala., 1958, 168 F.Supp. 291, 295; Hicks v. Flemming, 5 Cir., 1962, 302 F.2d 470; Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591; Flemming v. Booker, 5 Cir., 1960, 283 F. 2d 321; See Butler v. Flemming, supra, 288 F.2d at 595.