NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SOUTH RAMBLER COMPANY,
Respondent.

No. 17301.

United States Court of Appeals
Eighth Circuit.

Nov. 20, 1963.

Arthur M. Goldberg, Atty., N.L.R.B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Warren M. Davison, Atty., N.L.R.B., Washington, D. C., for the National Labor Relations Board.

John E. Tate, Omaha, Neb., for respondent.

Before MATTHES and MEHAFFY, Circuit Judges, and MICKELSON, District Judge.

**448**

MATTHES, Circuit Judge.

This case is before the court upon petition of the National Labor Relations Board for enforcement of its order issued against the South Rambler Company (respondent) on November 21, 1962, [139 N.L.R.B. 1197]. Briefly stated, the Board affirmed the trial examiner's determination that respondent, in violation of § 8(a) (1) and § 8(a) (3) of the Act,[1] discharged employees Richard Brown and Robert Dworak for engaging in union activity. Additionally, the Board adopted the examiner's conclusion that by such discharges, by interrogating employees as to their union activities, and by threatening to close down if the union's organizing attempt should be successful, respondent interfered with, restrained and coerced employees in the exercise of their § 7 right to self-organization,[2] in violation of § 8(a) (1). Based upon these findings and conclusions, the Board ordered respondent to cease and desist from the unfair labor practices, to reinstate Dworak and Brown with back pay (including interest),[3] and to post an appropriate notice.

Apropos here is the following pronouncement from N. L. R. B. v. Twin Table & Furniture Co., Inc., 8 Cir., 308 F.2d 686 (1962):

"Unless a controversy between the National Labor Relations Board and an employer as to the enforceability of an order of the Board resulting from conventional proceedings before it, presents some novel or unusual problem, a detailed discussion of the facts and the law is ordinarily profitless."

No novel questions are presented in this case. Basically, we must decide whether there is substantial evidence on the whole record to support the Board's findings that respondent interfered with the employees' statutory right to self-organization and that respondent wrongfully discharged employees Brown and Dworak for their union activity.

■ Respondent operates an automobile agency in Omaha, Nebraska, for the sale of new and used automobiles. Other than supervisory personnel, respondent's sales force consisted of three new car salesmen—including Brown and Dworak—and two used car salesmen. On various occasions during January, February and March, 1962, Brown voiced dissatisfaction with the amount of compensation received by new car salesmen, and the subject of compensation was discussed at several regular sales meetings. Respondent's sales slowed down in January, 1962, and slipped drastically in February. Various efforts were made by respondent to discover the reason for the drop in sales and to stimulate new business.

In March, 1962, Brown initiated a drive to unionize respondent's agency, along with three others who worked for respondent (including two supervisors) attended a meeting with a business agent for the union, signed a union authorization card, and obtained blank authorization cards for others. Dworak didn't at-

1. In pertinent part, §§ 8(a) (1) and 8(a) (3) [29 U.S.C.A. § 158(a) (1) and (a) (3)], respectively, provide that it shall be an unfair labor practice for an employer—
  (a) (1) "to interfere with, restrain, or coerce employees in the exercise of" their rights guaranteed under Section 7, and
  (a) (3) "by discrimination in regard to hire or tenure of employment * * * to encourage or discourage membership in any labor organization * * *."

2. Section 7 [29 U.S.C.A. § 157] provides, in pertinent part, that: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining * * *."

3. The Board modified the back pay remedy to include interest at 6% per annum. Since respondent does not challenge the interest award, and in view of the finding of the majority of this court in Marshfield Steel Company v. N. L. R. B., 8 Cir., 324 F.2d 333, we need not consider the interest award further.

tend the meeting, but he did sign a union authorization card for Brown. Respondent's chief executive interrogated the employees concerning their union sympathies and affiliations and threatened that the agency would be closed down "before a union came in." On March 22, 1962, both Dworak and Brown were discharged.

As is typical of labor cases involving alleged discriminatory discharges, the testimony is conflicting and contradictory. Respondent disputes portions of the foregoing statement of facts, and affirmatively asserts that Brown was discharged for his "general attitude" and Dworak for attempting to sell shoes on respondent's showroom floor and because of selling encyclopedias outside of working hours.

Nevertheless, we may not set aside findings of the Board where they are supported by substantial evidence on the record considered as a whole. Marshfield Steel Company v. N. L. R. B., supra, 324 F.2d at 335; N. L. R. B. v. Morrison Cafeteria Co. of Little Rock, Inc., 8 Cir., 311 F.2d 534, 536 (1963). Furthermore, the question of credibility of witnesses and the weight to be given their testimony in labor cases is primarily one for determination by the trier of facts. N. L. R. B. v. Morrison Cafeteria Co. of Little Rock, Inc., supra, 311 F.2d at 538; N. L. R. B. v. Lozano Enterprises, 9 Cir., 318 F.2d 41, 43 (1963); N. L. R. B. v. Interurban Gas Corporation, 6 Cir., 317 F.2d 724, 725 (1963). And a justifiable ground for dismissal of an employee is no defense to an unfair labor charge if such ground was a pretext and not the moving cause. Osceola Co. Co-Op. Cream. Ass'n v. N. L. R. B., 8 Cir., 251 F.2d 62, 66 (1958); N. L. R. B. v. Solo Cup Company, 8 Cir., 237 F.2d 521, 525 (1956); N. L. R. B. v. Mayrath Company, 7 Cir., 319 F.2d 424, 427 (1963).

With these principles in mind, and after careful consideration of the record in its entirety, we conclude that there is substantial evidentiary basis for the Board's finding that respondent violated § 8(a)(1) and that *Brown* was discharged because of his union activity in violation of §§ 8(a)(1) and 8(a)(3).

However, our foregoing finding against respondent does not automatically make *Dworak's* discharge an unlawful one or, by supplying a possible motive, allow the Board, without substantial supporting evidence to conclude that his discharge was also illegally inspired. As stated by the Supreme Court in Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 490–491, 71 S.Ct. 456, 465, 466, 95 L.Ed. 456 (1951):

> "The Board's findings are entitled to respect; but they must nonetheless be set aside when the record before a Court of Appeals clearly precludes the Board's decision from being justified by a fair estimate of the worth of the testimony of witnesses or its informed judgment on matters within its special competence or both.
>
> * * *
>
> "Whether on the record as a whole there is substantial evidence to support agency findings is a question which Congress has placed in the keeping of the Courts of Appeals."

See also, Farmers Co-Operative Co. v. N. L. R. B., 8 Cir., 208 F.2d 296, 299 (1953); Lawson Milk Company v. N. L. R. B., 6 Cir., 317 F.2d 756, 761 (1963); N. L. R. B. v. Audio Industries, Inc., 7 Cir., 313 F.2d 858, 861 (1963); N. L. R. B. v. Western Bank & Office Supply Company, 10 Cir., 283 F.2d 603, 606 (1960).

Certainly, an employer may hire and discharge at will, so long as his action is not based on opposition to union activities. Farmers Co-Operative Co. v. N. L. R. B., supra, 208 F.2d at 303–304; N. L. R. B. v. United Parcel Service, Inc., 1 Cir., 317 F.2d 912, 914 (1963); N. L. R. B. v. Local 294, International Bros. of Teamsters, Etc., 2 Cir., 317 F.2d 746, 749 (1963). Furthermore, an employer's general hostility to unions, without more,

does not supply an unlawful motive as to a specific discharge. N. L. R. B. v. Atlanta Coca-Cola Bottling Company, 5 Cir., 293 F.2d 300, 304 (1961), rehearing denied 296 F.2d 896 (1961); Ore-Ida Potato Products, Inc., v. N. L. R. B., 9 Cir., 284 F.2d 542, 545–546 (1960); N. L. R. B. v. Redwing Carriers, Inc., 5 Cir., 284 F.2d 397, 402 (1960). An inference that a discharge of an employee was motivated by his union activity must be based upon evidence, direct or circumstantial, not upon mere suspicion, Osceola Co. Co-Op. Cream. Ass'n v. N. L. R. B., supra, 251 F.2d at 69; N. L. R. B. v. Montgomery Ward & Co., 8 Cir., 157 F.2d 486, 491 (1946); Schwob Manufacturing Company v. N. L. R. B., 5 Cir., 297 F.2d 864, 867 (1962); N. L. R. B. v. Western Bank & Office Supply Company, supra, 283 F.2d at 606, and the burden of proving an improper motive for discharge is upon the Board. N. L. R. B. v. Montgomery Ward & Co., supra, 157 F.2d at 491; N. L. R. B. v. Moore Dry Kiln Company, 5 Cir., 320 F.2d 30, 32–33 (1963); Lawson Milk Company v. N. L. R. B., supra, 317 F.2d at 760; Portable Electric Tools, Inc., v. N. L. R. B., 7 Cir., 309 F.2d 423, 426–427 (1962); Ore-Ida Potato Products, Inc., v. N. L. R. B., supra, 284 F.2d at 545–546.

■ A painstaking examination of the evidence convinces us that the extent of Dworak's union activity consisted of his signing of the authorization card; that the inference drawn by the Board that Dworak's discharge was motivated by his union activity is based upon mere suspicion; and thus that, upon consideration of the record as a whole, there is not substantial evidence to support the Board's finding that Dworak's discharge constitutes an unfair labor practice.

Accordingly, the order of the Board will be enforced except as to employee Dworak.

Order as modified,

Enforced.