**TOP OF WAIKIKI, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 24402.

United States Court of Appeals, Ninth Circuit.

June 29, 1970.

**420**

Ernest C. Moore, Jr. (argued), Robert
S. Katz, of Moore, Torkildson & Schulze,
Honolulu, Hawaii, for appellant.

Roy O. Hoffman, Regional Director,
NLRB, San Francisco, Cal., Dennis R.
MacCarthy, Officer in Charge, NLRB,
Honolulu, Hawaii; Arnold Ordman,
Dominick L. Manoli, Marcel Mallet-Pre-
vost, Glen M. Bendixsen, Charles N.
Steele, NLRB, Washington, D. C., for
appellee.

Before JERTBERG, BROWNING and
HUFSTEDLER, Circuit Judges.

PER CURIAM:

This case is before the court on peti-
tion of Top of Waikiki, Inc., pursuant to
Section 10(e) and (f) of the National
Labor Relations Act, to vacate and set
aside portions of the order of the Nation-
al Labor Relations Board requiring pe-
titioner to reinstate, with back pay, its
discharged employees, David Kochi, Mi-
chael Leslie, and Dwight Yamaguchi, and
the Board's cross-petition for enforce-
ment of its order. The board's decision
and order are reported at 176–77 N.L.R.
B. No. 6. No jurisdictional issue is
present.

The Board found that petitioner vio-
lated Sec. 8(a) (1) of the Act by disci-
plining, and then later discharging, the
above named employees for engaging in
protected, concerted activities for the
purpose of mutual aid and protection
within the meaning of Sec. 7 of the Act.

The Board also found that petitioner
violated Sec. 8(a) (3) and (1) of the
Act in respect to nine other named em-
ployees by refusing to reinstate them aft-
er a protected walkout. Petitioner ac-
quiesced in the enforcement of the
Board's order in respect to them, and we
are, therefore, not concerned with them
in this review.

On this review petitioner earnestly
contends that the findings of the Board
that petitioner violated Sec. 8(a) (1) of
the Act by disciplining and then later
discharging the above named employees
while engaging in protected, concerted
activities for the purpose of mutual aid

and protection within the meaning of
Sec. 7 of the Act are not supported by
substantial evidence on the record con-
sidered as a whole. In support of this
contention petitioner asserts that the rec-
ord as a whole reveals that the three em-
ployees named above "had been suspend-
ed for proper cause by reason of their
imputation of Company dishonesty and
insubordination in grumbling about the
change in the method of pooling of tips
on the one night of New Year's Eve and
were thereafter discharged when they
made a later appearance to attend a meet-
ing of employees called by the Company
during the period of their suspension."

The reviewing power of this Court over
orders of the Board is set forth in Sec.
10(f) of the Act, which states:

"[T]he findings of the Board with re-
spect to questions of fact if supported
by substantial evidence on the record
considered as a whole shall in like
manner be conclusive."

The standard of review set forth
in that provision is elaborated upon in
Universal Camera Corp. v. N.L.R.B., 340
U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456
(1951) and its companion case, N.L.R.B.
v. Pittsburgh S. S. Company, 340 U.S.
498, 71 S.Ct. 453, 95 L.Ed. 479 (1951).
If the findings are not supported by sub-
stantial evidence on the record when con-
sidered as a whole, it is our duty to set
aside and refuse enforcement of the or-
der of the Board. Universal Camera
Corp. v. N.L.R.B., supra; N.L.R.B. v. Isis
Plumbing & Heating Co., 322 F.2d 913
(9th Cir. 1963); Lozano Enterprises v.
N.L.R.B., 357 F.2d 500 (9th Cir. 1966).

Under the rationale expressed in
Universal Camera, supra, it is our duty
in determining the substantiality of evi-
dence supporting a Labor Board decision
to take into account contradictory evi-
dence or evidence from which conflicting
inferences could be drawn.

"The substantiality of evidence must
take into account whatever in the rec-
ord fairly detracts from its weight."
Universal Camera, supra, 340 U.S. at
488, 71 S.Ct. at 464.

■ We recognize that an affirmative duty rests upon General Counsel to establish by substantial evidence that, in respect to the discharges in question, petitioner was motivated to do so because the discharged employees had engaged in protected, concerted activities.

We have carefully reviewed the entire record in this case, not only in the light of the governing principles of law set forth above in this opinion, but also in light of petitioner's contention that the discharged employees were acting solely for themselves and not for other employees.

■ We conclude that there is substantial evidence from which the Board could infer that the activities of the discharged employees, leading to their discharge, were engaged in with, or on behalf of, other employees and not solely by and on behalf of themselves, and thus were "concerted activities for the purpose of * * * mutual aid or protection" within the meaning of Sec. 7 of the National Labor Relations Act protected by Sec. 8(a) (1) of the Act. See: Pacific Electricord Company v. N.L.R.B., 361 F.2d 310 (9th Cir. 1966); Signal Oil and Gas Company v. N.L.R.B., 390 F.2d 338 (9th Cir. 1968).

The petition to vacate and set aside the decision and order of the Board is denied, the petition is dismissed, and the cross-petition of the Board for enforcement of its order is granted.