**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BUFKOR–PELZNER DIVISION, INC., Respondent.**

**No. 23808.**

United States Court of Appeals, Ninth Circuit.

Oct. 9, 1970.

Warren M. Davison (argued), Marion Griffin, Attys., Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, N.L.R.B., Washington, D. C., Roy O. Hoffman, Director, N.L.R.B., San Francisco, Cal., for petitioner.

Robert M. Lieber (argued), Littler, Mendelson & Fastiff, San Francisco, Cal., for respondent.

Before HAMLEY and KOELSCH, Circuit Judges, and PLUMMER,* District Judge.

PER CURIAM:

This proceeding is before the court upon the application of the National Labor Relations Board (Board), pursuant to § 10(e) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C.A. § 151 et seq.),

---

2. The maximum sentence possible was seventy-five years.

\* Hon. Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

for enforcement of its order, issued against respondent, Bufkor-Pelzner, Division Inc. (Company) on February 20, 1968. This court has jurisdiction of the proceedings under § 10(e) of the Act (29 U.S.C.A. § 160(e)), the alleged unfair labor practice having occurred in San Francisco, California where the Company is engaged in the manufacture of jewelry cases.

The Board by its order found that the company's refusal to recognize and bargain with the certified Union violated § 8(a) (5) (1) of the Act. In reaching this conclusion the Board found that the Company's objections to the election, which the Union won, were without merit and raised no substantial or material issues warranting an evidentiary hearing.

The issues presented for our determination are, (1) whether, as a matter of law, the Board improperly refused to set aside the election and the certification issued pursuant thereto and (2) whether there is substantial evidence in the record, considered in its entirety to support the Board's decision.

The reviewing power of this court over orders of the Board is set forth in § 10 (f) of the Act, which states:

> "(T)he findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive."

The standard of review set forth in that provision is elaborated upon in Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951) and its companion case, N.L.R.B. v. Pittsburgh S.S. Company, 340 U.S. 498, 71 S.Ct. 453, 95 L.Ed. 479 (1951). If the findings are not supported by substantial evidence on the record when considered as a whole, it is our duty to set aside and refuse enforcement of the Order of the Board. Universal Camera Corp. v. N.L.R.B., supra; N.L.R.B. v. Isis Plumbing & Heating Co., 322 F.2d 913 (9th Cir. 1963); Lozano Enter-

prises v. N.L.R.B., 357 F.2d 500 (9th Cir. 1966).

We have carefully reviewed the entire record in this case in the light of the foregoing governing principles of law. After doing so we conclude that the Board drew only reasonable inferences from the evidence, which we think were substantial under the tests set forth in Universal Camera Corp. v. N.L.R.B., supra.

Accordingly, enforcement of the Order of the Board is hereby granted.