Emma SHANNON and Richard J. Shannon d/b/a E. & R. Shannon

v.

UNITED STATES of America and Interstate Commerce Commission; Red Ball Motor Freight, Inc., et al., Intervenors.

Civ. A. No. 2840.

United States District Court
W. D. Texas,
San Antonio Division.

April 24, 1963.

Wolff & Wolff, San Antonio, Tex., for plaintiffs.

Ernest Morgan, U. S. Atty., Western Dist. of Texas, John H. D. Wigger, U. S. Dept. of Justice, Washington, D. C., Fritz R. Kahn, I. C. C., Washington, D. C., for defendants.

Roland Rice, Washington, D. C., Phillip Robinson, Charles D. Mathews, James H. Keahey, Austin, Tex., Amos M. Mathews, James W. Nisbet, Chicago, Ill., Charles E. Crenshaw, Austin, Tex., Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, Tex., for intervenors.

Before BROWN, Circuit Judge, and RICE and INGRAHAM, District Judges.

BEN H. RICE, Jr., District Judge.

This action is brought against the United States and the Interstate Commerce Commission, pursuant to the United States Code, Title 28, Sections 1336, 1398, 2284, and 2321–2325, to enjoin, annul, and set aside orders of the Interstate Commerce Commission issued in Docket No. MC–C–2055, Emma Shannon and others, Investigation of Operations, holding that plaintiffs have been and are engaging in transportation, in interstate commerce, of sugar as a common or contract carrier by motor vehicle without appropriate authority, in violation of sections 206(a) or 209(a) of the Interstate Commerce Act, 49 U.S.C. §§ 306(a) or 309(a), and requiring plaintiffs to cease and desist from conducting such unlawful transportation.

This Court has jurisdiction of this cause and there is no question as to venue.

Pursuant to the United States Code, Title 28, Section 2323, intervenors were given leave to intervene in this cause.

By an order dated November 5, 1956, Division 1 of the Interstate Commerce Commission instituted an investigation under Section 204(c) of the Interstate Commerce Act, 49 U.S.C. § 304(c), into the activities of plaintiffs for the purpose of determining whether plaintiffs were engaged in transportation of property by motor vehicle as a common or contract carrier without requisite authority, in violation of Sections 206(a) or 209(a) of the Interstate Commerce Act, 49 U.S.C. §§ 306(a) or 309(a). The matter was referred to an examiner and a hearing was held on March 29, 1957, in San Antonio, Texas.

On August 29, 1957, the report and recommended order of the Examiner was served upon the parties, wherein the Examiner found that the motor carrier operations conducted by plaintiffs were not in violation of the Interstate Commerce Act, and recommended that the proceedings be discontinued. Exceptions were filed by the Commission's Bureau of Inquiry and Compliance.

On August 3, 1959, Division 1 of the Interstate Commerce Commission found that while the statement of facts in the Examiner's report was adequate in all material respects, that said Examiner was in error as to his conclusions with respect to the nature of the transportation conducted by plaintiffs and the lawfulness thereof. It thereupon refused to adopt the Examiner's recommended order, but instead found that the plaintiffs were engaged in the unauthorized transportation of sugar in violation of the Interstate Commerce Act, and ordered plaintiffs to cease and desist from continuing such unlawful carriage. The Commission denied plaintiffs' petition for a rehearing and on April 5, 1960, ordered plaintiffs to cease and desist said unlawful carriage on or before May 23, 1960, and plaintiffs thereupon instituted this suit.

The basic facts in this proceeding are relatively uncomplicated. Plaintiffs are in the business of buying and selling livestock, in the feed mill business, and also buy and sell corn, oats, wheat, bran, molasses, sugar, salt, fertilizers, and everything in the feed line. Plaintiffs have been in business since about 1934, gradually increasing the number of items bought and sold with sugar being added as a saleable item about the year 1954. The large percentage of plaintiffs' assets are not composed of transportation facilities, nor do the salaries of truck drivers used to drive the trucks that from time to time haul sugar compose as much as twenty-five percent of plaintiffs' average weekly payroll. Plaintiffs purchase sugar in Louisiana in their own name, and haul same to San Antonio, Texas, in their own trucks, are fully responsible for same in the event of its damage or loss in value because of price fluctuations prior to the sale thereof, and maintain a reasonable inventory of sugar at their place of business in San Antonio. Plaintiffs sell sugar on credit and have sizeable amounts of accounts receivable owed by sugar purchasers. There is no evidence in the record showing that there are any identifiable transportation charges made by plaintiffs to the purchasers of sugar, nor have plaintiffs any basis or formula for assessing transportation charges. There is no evidence in the record showing that plaintiffs hold themselves out to the general public to haul sugar for any compensation, nor that it is plaintiffs' general practice to obtain orders for sugar from its customers prior to purchasing same in Louisiana. The record clearly indicates that plaintiffs are in a general mercantile business buying and selling many items, including sugar.

There is not substantial evidence in the record upon which to base the Interstate Commerce Commission's findings and conclusions, nor is there substantial evidence in the record to indicate that plaintiffs have been and are engaging in transportation, in interstate commerce, of sugar as a common or contract carrier by motor vehicle without appropriate authority,

in violation of sections 206(a) or 209(a) of the Interstate Commerce Act. In so finding and concluding the Interstate Commerce Commission arbitrarily exceeded its legal authority and defendants should be permanently enjoined from enforcing the terms of said order of April 5, 1960, which required and requires plaintiffs to cease and desist on or before May 23, 1960, and thereafter to refrain and abstain, jointly and severally, from all operations in interstate or foreign commerce found in the above described report of Division 1 of the Interstate Commerce Commission dated August 29, 1959, to be unlawful, until appropriate authority therefor is obtained. This Court will grant plaintiffs the relief they seek. It is so ordered.