Mr. Justice Goldberg,
with whom Mr. Justice Harlan, Mr. Justice Stewart and Mr. Justice White join,
dissenting.
I agree with the Court “that § 203 (c) merely codifies the primary business test,” ante, at 318, enunciated by the Commission in the Brooks case.* I also agree that “the primary business test ... , as applied by the ICC, requires an analysis of the backhaul operation in the factual setting of each case.” ' Ante, at 317.
This is all that we need and should decide. The Court errs, in my view, in deciding the purely factual question of “whether, applying the standards developed under the primary business test, appellees’ backhauling of sugar *454 was within the scope, and in furtherance, of a primary, noncarrier business.” Ante, at 318.
The primary responsibility for granting or denying enforcement of Commission orders is in the District Courts and not in this Court. 28 U. S. C. § 1336; cf. Labor Board v. Pittsburgh Steamship Co., 340 U. S. 498, 502. The District Court in enjoining enforcement of the Commission’s order in this case did not refer explicitly or implicitly to § 203 (c) of the Act. It did not cite any cases enunciating the “primary business test” as a basis for its decision. Moreover, the District Court did not discuss the facts upon which the Commission based its determination that appellees’ backhaul transportation of sugar was not within the scope and in furtherance of a primary business enterprise other than transportation. See 219 F. Supp. 781; compare United States v. Drum, 368 U. S. 370, 385.
Having determined, as the Court does, that § 203 (c) codifies the primary business test, I would remand the case to the District Court for that court to decide the issue of unsubstantiality of the evidence under the proper test. Under this disposition of the case, the District Court would have to be mindful that this is the kind of case which “belongs to the usual administrative routine” of the agency, Gray v. Powell, 314 U. S. 402, 411, and that the Commission’s application of the statutory test to the specific facts of this case “is to be accepted if it has ‘warrant in the record’ and a reasonable basis in law.” Labor Board v. Hearst Publications, Inc., 322 U. S. 111, 131; United States v. Drum, supra, at 386.

Lenoir Chair Co., 51 M. C. C. 65, aff’d, sub nom. Brooks Transportation Co., Inc.., v. United States, 93 F. Supp. 517, aff’d, 340 U. S. 925.