**SHELBY BISCUIT COMPANY, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. A. No. 13645.**

United States District Court
S. D. Texas,
Houston Division.

June 24, 1966.

Richard McGraw (of Fulbright, Crooker, Freeman, Bates & Jaworski), Houston, Tex., for plaintiff.

Woodrow Seals, U. S. Atty., and John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., and Fritz R. Kahn, Associate Gen. Counsel for I. C. C., Washington, D. C., for defendants.

Before JOHN R. BROWN, Circuit Judge, and CONNALLY and INGRAHAM, District Judges.

PER CURIAM:

In this three-Judge proceeding to set aside the 1960 ICC order in Docket No. MC–C–2520, Shelby Biscuit Company, Investigation of Operations, 84 M.C.C. 131, the question is whether the sugar activities constitute unauthorized transportation, 49 U.S.C.A. §§ 306(a), 309(a), or permissible private carriage, 49 U.S.C.A. §§ 303(a) (17), 303(c). The Report shows that for both legal standards and factual comparability, the ICC relied on its decision in Emma Shannon, Investigation of Operations, 81 M.C.C. 337 (1959). That decision was, however, set aside by the District Court, Shannon v. United States, W.D.Tex., 1963, 219 F. Supp. 781, affirmed in Red Ball Motor Freight, Inc. v. Shannon, 1964, 377 U.S. 311, 84 S.Ct. 1260, 12 L.Ed.2d 341, by a full opinion which declared a number of significant principles. As we think that in this generally troublesome area we must be certain that the agency has evaluated the record in the light of the correct standards, we vacate the order

and remand it for further hearing, consideration, and report. S. E. C. v. Chenery Corp., 1947, 332 U.S. 194, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995. Other than to state that the present record may be used and that the Court has the impression that much more factual information will be helpful, if not required, we do not undertake to blue print the proceedings on remand. This we leave initially to the considered discretion of the ICC.

Vacated and remanded.