**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The LITTLE ROCK DOWNTOWNER, INC., Respondent (two cases).**

**Nos. 17581, 17615.**

United States Court of Appeals
Eighth Circuit.

March 5, 1965.

Peter M. Giesey, Atty., N. L. R. B. made argument for petitioner and filed brief with Arnold Ordman, Gen. Counsel, N. L. R. B., Washington, D. C., Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel and Lee M. Modjeska, Atty., N. L. R. B., Washington, D. C.

William E. Fortas and Earl W. De-Hart, of Fowler, Fortas & DeHart, Newell N. Fowler, Memphis, Tenn., made argument for respondent and filed brief.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and DAVIES, District Judge.

RONALD N. DAVIES, District Judge.

These two cases are before us upon petitions of the National Labor Relations Board agreeable to Section 10(e) of the National Labor Relations Act as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151 et seq.) to enforce consolidated orders directed to The Little Rock Downtowner, Inc., issued against that Respondent, July 29, 1963, and January 28, 1964, respectively.

We have jurisdiction of these causes under Section 10(e) of the Act.

For purposes of clarity and reference, No. 17,581 [1] will be denominated "the first case," and No. 17,615 [2] "the second case."

In the consideration of these petitions we turn for guidance at the outset to the much discussed and often quoted Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

There the Supreme Court said:

"Whether on the record as a whole there is substantial evidence to support agency findings is a question which Congress has placed in the keeping of the Courts of Appeals.

1. Board's opinion reported in 143 N.L.R.B. 897.

2. Board's opinion reported in 145 N.L.R.B. No. 132.

This Court will intervene only in what ought to be the rare instance when the standard appears to have been misapprehended or grossly misapplied." 340 U.S., p. 491, 71 S.Ct. p. 466.

The Court said further in that same case:

> "The Taft-Hartley Act provides that 'The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive.' 61 Stat. 148, 29 U.S. C. (Supp. III) § 160(e). Surely an examiner's report is as much a part of the record as the complaint or the testimony." 340 U.S., p. 493; 71 S.Ct., p. 467; 95 L.Ed. p. 456.

Mindful of the rationale of Universal Camera and of particular questions determined in Fibreboard Paper Products Corporation v. National Labor Relations Board et al., 85 S.Ct. 398 (December 14, 1964), we address ourselves to the petitions before us.

We are unaware of any problems here presented which would justify outlining at great length a run of the mine case such as this. In the first case the Board found that Respondent had interfered with its employees in the exercise of their rights under Section 7 of the Act by interrogating and threatening them and that it discriminated against employees, Eddie Robinson, Irma Baruday and Jessie Moseley. In the second case the Board found that Respondent refused to bargain in good faith collectively with the employees' union by granting wage increases and changing working conditions of certain employees, by refusing to meet requests of the union for bargaining sessions, and finally by Respondent's refusing to meet at all with union representatives. In addition the Board found that Respondent violated the Act by declining to rehire an employee for union activities and by refusing to reinstate unfair labor practice strikers when requested to do so.

We have thoroughly examined the Joint Records of two volumes, Respondent's Supplement to Joint Record, and the briefs of both parties.

■■ A careful reading of the record reveals that there is no substantial evidentiary basis for the Board's findings in the cases of Eddie Robinson and Irma Baruday. Robinson was insubordinate and his discharge was justified. Baruday was and had been an unsatisfactory employee whose work and habits were demonstrably below Respondent's standards and there was ample justification for termination of her employment. With respect to Jessie Moseley, we conclude that the record substantiates the Board's findings.

In N. L. R. B. v. South Rambler Company, 324 F.2d 447, 449, (8 Cir., 1963), this Court said:

> "[5–8] Certainly, an employer may hire and discharge at will, so long as his action is not based on opposition to union activities. Farmers Co-Operative Co. v. N. L. R. B., supra, [8 Cir.], 208 F.2d 296, at 303–304; N. L. R. B. v. United Parcel Service, Inc., 1 Cir., 317 F.2d 912, 914 (1963); N. L. R. B. v. Local 294, International Bros. of Teamsters, Etc., 2 Cir., 317 F.2d 746, 749 (1963). Furthermore, an employer's general hostility to unions, without more, does not supply an unlawful motive as to a specific discharge. N. L. R. B. v. Atlanta Coca-Cola Bottling Company, 5 Cir., 293 F.2d 300, 304 (1961), rehearing denied 296 F. 2d 896 (1961); Ore-Ida Potato Products, Inc., v. N. L. R. B., 9 Cir., 284 F.2d 542, 545–546 (1960); N. L. R. B. v. Redwing Carriers, Inc., 5 Cir., 284 F.2d 397, 402 (1960). An inference that a discharge of an employee was motivated by his union activity must be based upon evidence, direct or circumstantial, not upon mere suspicion, Osceola Co. Co-Op. Cream. Ass'n v. N. L. R. B., supra, [8 Cir.], 251 F.2d [62] at

69; N. L. R. B. v. Montgomery Ward & Co., 8 Cir., 157 F.2d 486, 491 (1946); Schwob Manufacturing Company v. N. L. R. B., 5 Cir., 297 F.2d 864, 867 (1962); N. L. R. B. v. Western Bank & Office Supply Company, supra, 283 F.2d [603] at 606, and the burden of proving an improper motive for discharge is upon the Board. N. L. R. B. v. Montgomery Ward & Co., supra, 157 F.2d at 491; N. L. R. B. v. Moore Dry Kiln Company, 5 Cir., 320 F.2d 30, 32–33 (1963); Lawson Milk Company v. N. L. R. B., supra, [6 Cir.], 317 F.2d [756] at 760; Portable Electric Tools, Inc., v. N. L. R. B., 7 Cir., 309 F.2d 423, 426–427 (1962); Ore-Ida Potato Products, Inc., v. N. L. R. B., supra, 284 F.2d at 545–546."

We conclude that the orders of the National Labor Relations Board must be enforced except as to the employees, Eddie Robinson and Irma Baruday.

The order, as here modified, is enforced.