**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TEXAS COCA–COLA BOTTLING COMPANY, Respondent.**

**No. 21779.**

United States Court of Appeals
Fifth Circuit.
June 27, 1966.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Theodore J. Martineau, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Melvin Pollack, Atty., N. L. R. B., for petitioner.

David L. Hooper, Abilene, Tex., Hooper & Perry, Abilene, Tex., for respondent.

Before RIVES, BROWN and MOORE,* Circuit Judges.

PER CURIAM:

The Board seeks enforcement of its order against the respondent.[1] The Board found that the respondent violated Section 8(a) (5) and (1) of the National Labor Relations Act, as amended,[2] by failing to bargain in good faith with the Union, and by refusing to meet with it on and after June 24, 1963. Should this Court decide that substantial evidence on the whole record supports the Board's finding and conclusion as to bad faith bargaining, the respondent concedes the Board's position as to its further finding that the respondent interfered with, restrained, and coerced its employees in violation of Section 8(a) (1) of the Act. Thus, decision here turns almost entirely on whether the respondent bargained in good faith with the Union.

Among the Trial Examiner's findings and conclusions adopted by the Board were the following:

"The obligation to bargain embodied in Section 8(r) of the Act requires the parties inter alia 'to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement. * * *' Although this obligation 'does not compel either party to agree to a proposal or require the making of a concession,' it does contemplate, as the Board and the courts have uniformly held, a willingness to enter the discussions 'with an open mind and purpose to reach an agreement consistent with the respective rights of the parties' (Majure Transport Co. v. N. L. R. B., 198 F.2d 735, 739 (C.A.5). See, also, N. L. R. B. v. Herman Sausage Co. Inc., 275 F.2d 229, 231–232 (C.A.5). And as the Supreme Court has observed, 'performance of the duty to bargain requires more than a willingness to enter upon a sterile discussion of union-management differences' (N. L. R. B. v. American National Insurance Co., 343 U.S. 395, 402 [72 S.Ct. 824, 96 L.Ed. 1027]). In essence, then, the 'ultimate issue whether the Company conducted its bargaining negotiations in good faith involves a finding of motive or state of mind which can only be inferred from circumstantial evidence' (N. L. R. B. v. Reed & Prince Mfg. Co., 205 F.2d 131, 139–140 (C.A.1), cert. denied 346 U.S. 887 [74 S.Ct. 139, 98 L.Ed. 391]). The resolution of this issue 'is to be inferred from the totality of the employer's conduct' (Id., at p. 134).

"On the basis of all the facts and circumstances and the entire record in this case, I find and conclude that the Company did not bargain in good faith

---

* Of the Second Circuit, sitting by designation.

1. The Board's decision and order are reported at 146 N.L.R.B. No. 58. In part, the Board's order requires that the respondent
   "Upon request, bargain collectively with Local 826, International Union of Operating Engineers, AFL-CIO, as the exclusive representative of the employees in the appropriate unit with respect to rates of pay, wages, hours of employment, and other conditions of employment, and, if an understanding is reached, embody such understanding in a signed agreement."

2. 61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151 et seq.

with the Union, as the Act requires. From the totality of its conduct, I am convinced that the Company went through the motions of negotiation with no sincere desire to reach an agreement."

Those findings and conclusions are supported by more detailed findings in a 38-page "decision" and are vigorously assailed by the respondent.

The principles of law involved have been discussed in detail in the opinions of this Court cited by the Examiner and are succinctly and correctly stated in the part of the Examiner's decision which we have quoted. One of the opinions relied on by the Examiner, N. L. R. B. v. Herman Sausage Co., 5 Cir. 1960, 275 F.2d 229, 231, points out that:

> " * * * on review we must enforce the Board's conclusion of bad faith negotiation if it 'finds support in the record as a whole * * * "even though the court would justifiably have made a different choice had the matter been before it *de novo*." ' N. L. R. B. v. Fant Milling Co., 1959, 360 U.S. 301, 309, note 10, 79 S.Ct. 1179, 1184, 3 L.Ed.2d 1243, 1249, enforced on remand, 5 Cir., 1959, 272 F.2d 773."

See also Universal Camera Corporation v. National Labor Relations Board, 1951, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456; Oil City Brass Works v. National Labor Relations Board, 5 Cir. 1966, 357 F.2d 466, 469–470; cf. National Labor Relations Board v. Great Dane Trailers, Inc., 5 Cir., 1966, 363 F.2d 130 (decided June 22, 1966).

With those principles in mind, we have carefully read and studied the record and the joint appendix and find that substantial evidence on the whole record supports the Board's findings and conclusions. Its order is therefore enforced.