**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**McLANE COMPANY, Inc., Respondent.**

**No. 26321.**

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1968.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel,

Dominick L. Manoli, Associate Gen. Counsel, Elliott Moore, Ronald Wm. Egnor, Attys., N.L.R.B., Washington, D. C., for petitioner.

Emil Corenbleth, Dallas, Tex., for respondent.

Before GOLDBERG and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

### PER CURIAM:

 The National Labor Relations Board (Board hereinafter) petitions for enforcement of its order issued against the respondent on August 7, 1967.[1] We conclude that there is substantial evidence in the record as a whole to support the Board's finding of failure to bargain in good faith, in violation of the provisions of Section 8(a) (5) and (1) of the National Labor Relations Act.[2]

Negotiations between the union and the respondent commenced in December of 1965, were interrupted by the death of respondent's attorney in June of 1966, resumed in August and ceased the following October when the mediator, on being advised that the respondent would "go no further", concluded that further meetings would be futile. The respondent made no further contact with the union and soon after initiated a wage increase.

The record indicates that prior to the death of the respondent's attorney the parties had agreed upon numerous provisions of the contract. The negotiations to this point had proceeded on the basis of a one-year contract. When negotiations resumed in August, the respondent's new attorney submitted a contract proposal containing several features previously agreed upon by the parties, but also containing a new proposal that the agreement be of three years duration. The union representative indicated that a three-year agreement might be satisfactory but that other terms of the proposed contract would have to be renegotiated accordingly. It was at this point that the bargaining sessions ceased and that the unilateral wage increase was instituted by the respondent. On this basis the Board, affirming the Trial Examiner, found that the respondent violated the provisions of Section 8(a) (5) and (1) of the National Labor Relations Act by refusing to bargain in good faith and by instituting a general wage increase without bargaining to impasse with the union.

 The good faith standard of collective bargaining does not obligate a party to yield to any demands, but does impose a duty to negotiate with an open and fair mind and a sincere purpose to find a basis of agreement. See N.L.R.B. v. Herman Sausage Co., 5 Cir. (1960), 275 F.2d 229. The Board is charged with deciding whether the parties have fulfilled their duty to confer in good faith. We conclude that the order of the Board must be enforced. It is supported by evidence in the record as a whole. See N.L.R.B. v. Texas Coca-Cola Bottling Co., 5 Cir. (1966), 365 F.2d 321.

Enforced.