The **SINGER COMPANY, WOOD PROD-UCTS DIVISION**, Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 18460.

United States Court of Appeals Eighth Circuit.

Feb. 8, 1967.

Edward W. Scully, New York City, for petitioner, Winthrop, Stimson, Putnam & Roberts, and William M. Dreyer, New York City, and Berl S. Smith, of Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., were with him on the brief.

Julius Rosenbaum, Atty., N. L. R. B., Washington, D. C., for respondent, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Nancy M. Sherman, Atty., N. L. R. B., Washington, D. C., were with him on the brief.

Before VAN OOSTERHOUT, GIBSON and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The Singer Company, Wood Products Division, (Singer), has petitioned us for review of the order of the National Labor Relations Board determining that Singer had violated § 8(a) (3) and (1) of the Labor Management Relations Act

(29 U.S.C.A. § 158(a) (1) and (3)) by discriminatorily discharging employee Elzie Blanks on May 17, 1965. The Board's decision and order are reported at 159 NLRB No. 16. The Board has answered and cross-petitioned for enforcement of its order. The unfair labor practices charged occurred in Arkansas within this circuit. No jurisdictional issues are raised. This court has jurisdiction over this proceeding under § 10(e) and (f) of the Act.

The basic issue presented is whether there is substantial evidence in the record as a whole to support the Board's finding that Blanks' discharge was motivated by his union activity. A careful examination of the record convinces us that the Board's determination of discriminatory discharge lacks substantial evidentiary support.

■ The issue here presented has been frequently considered by the courts. The law in such cases is well-established. The difficulty arises from application of the law to the facts. Each case must be determined upon its own peculiar facts. The general legal principles applicable with supporting authorities have been cited and thoroughly discussed in our prior cases dealing with asserted discriminatory discharges. See N. L. R. B. v. Monroe Auto Equip. Co., 8 Cir., 368 F.2d 975; Banner Biscuit Co. v. N. L. R. B., 8 Cir., 356 F.2d 765; N. L. R. B. v. South Rambler Co., 8 Cir., 324 F.2d 447.

■ No pertinent contractual provisions here exist between the employer and employees governing tenure of employment. In such situation, we held in the cases just cited that an employer has a right to hire and fire at will so long as such action is not based on opposition to legitimate union activity. Such cases likewise hold that a justifiable basis for discharge is no defense to an unfair labor charge if such ground is used as a pretext and is not the motivating cause of discharge. "An inference that a discharge of an employee was motivated by his union activity must be based upon evidence, direct or circumstantial,

not upon mere suspicion, * * * and the burden of proving an improper motive for discharge is upon the Board." N. L. R. B. v. South Rambler Co., p. 450 of 324 F.2d.

In our present case, there can be no doubt that a legitimate non-discriminatory basis exists for Blanks' discharge. The company experienced considerable trouble with defacing of its washroom facilities by written inscriptions. Such practices gave rise to expensive repainting jobs to cover up the inscriptions. Included in the company's printed rules, violations of which subjected the wrongdoer to discharge or other disciplinary action, is a rule proscribing "abuse, deliberate waste or destruction of Company property." At various meetings, company officials complained vigorously about the violation of this rule. The Examiner, upon the basis of substantial evidence, found Blanks had knowledge of this rule and that he had deliberately violated the rule by writing on a toilet stall door. Foreman Gardner discovered him committing this act and immediately discharged him for "defacing company property." The Examiner, after analyzing the evidence, states: "the record would support the finding that if the discharge was not discriminatorily motivated, it was for loafing as well as writing on the restroom door."

The Board accepted all of the Examiner's findings except that it struck out the finding of loafing on the grounds that it was not supported by evidence, was immaterial and not properly raised. Singer does not contend that the discharge was based upon loafing.

Thus the crucial problem here presented is whether any basis exists for the Board's finding in agreement with the Examiner that the discharge was motivated by Blanks' union activity. Neither the Board nor the Examiner point to any substantial evidence upon which an inference of union hostility may be fairly based. We find no evidentiary support for the Board's determination that the discharge was discriminatory.

Included in the charges before the Board in the present case is one to the effect that Foreman Gardner interrogated Blanks on May 1, 1965, about his union membership and activities in violation of § 8(a) (1). Both the Examiner and the Board found such charge to be without merit and dismissed the charge. It is noteworthy that in so doing the Examiner specifically chose to credit Gardner's testimony in preference to Blanks'.

The Examiner's report takes note of prior unfair labor practice charges made in the Singer Co., 153 NLRB No. 82, and in addition the Board in its brief points to the Singer Co., 158 NLRB No. 72. There is no indication that the decision last cited was considered or relied upon by the Examiner or the Board in reaching the decision. The first of the above cases involved complaints filed on or before June 30, 1964, and the second case involved activity prior to November 30, 1964. All of these activities occurred more than six months prior to the activities involved in our present case.

In N.L.R.B. v. Southern Transport, Inc., 8 Cir., 355 F.2d 978, 981–82, we had occasion to consider in depth the extent that past labor practices involved in a prior proceedings are entitled to consideration. After thoroughly discussing this problem, we stated:

"We, therefore, cannot hold that the adjudication of bad faith on an earlier occasion is alone substantial evidence of present bad faith to support the Board's finding. We recognize that the Board may view and consider the background of the parties and their past conduct as it relates to their management-employee practices, but findings and conclusions based on that evidence alone are not sufficient for a valid order."

See Local Lodge No. 1424, etc., Machinist AFL-CIO v. N.L.R.B., 362 U.S. 411, 421–422, 80 S.Ct. 822, 4 L.Ed.2d 832; N.L.R.B. v. Park Edge Sheridan Meats, Inc., 2 Cir., 341 F.2d 725.

In our present case, there is no evidence whatsoever of present union hostility on the part of Singer. Thus when employee Murphy early in May 1965 complained about being annoyed by union solicitation by Blanks during work periods which interfered with his work, the problem was solved by restricting Blanks to his working area except for necessary trips to the toilet or water fountain. This is in sharp contrast with the discharges made for union activities found to be permissible in case reported at 153 NLRB No. 82.

We do not agree with the Examiner that it was strange or unnatural for Foreman Gardner to investigate Blanks' activities just prior to the discharge. Murphy's recent complaint, just discussed, would afford a reasonable basis for placing Blanks under surveillance when he was absent from his work station. The Examiner determined that Blanks had been absent from such station some ten or twelve minutes when Gardner set out to search for him. Additional time elapsed in the washroom while the writing was taking place. The Examiner found that the absence constituted loafing. We find no reasonable basis in the record for an inference that Gardner in the activity just described was seeking grounds for the discharge of Blanks. Blanks was only one of 1400 employees and while he was active in union affairs, there is no indication that his activity was substantially different than that of other union adherents. There is no evidence of any contemporaneous discriminatory action against any other union employee.

The record shows employee McKeel was summarily discharged for committing a similar offense on October 26, 1964. Thus the discharge here is not without precedent. The record reflects that the company was concerned with the frequent violation of the destruction-of-property rule but that it was having great difficulty in detecting the identity of the violators. Thus a reasonable basis would exist for inflicting the severe penalties provided by the rule in the rare instances where the guilty party was caught with

the hope of thereby discouraging the repetitious violations.

We conclude that there is no substantial evidentiary support for the Board's determination that Blanks' discharge was illegally motivated by anti-union feeling on the part of the company.

The Board's order is set aside and the Board's request for enforcement of its order is denied.