**TAMA MEAT PACKING CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 77–1573.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1978.

Decided May 12, 1978.

Fred W. Elarbee, Atlanta, Ga., argued, for petitioner; Elarbee, Clark & Paul, Atlanta, Ga., on brief.

Lynne Deitch, Atty., N. L. R. B., Washington, D. C., argued, for respondent; Marjorie S. Gofreed, Atty., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on brief.

Before LAY, HEANEY and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

This matter is before the Court on petition for review of an order of the National Labor Relations Board filed by Tama Meat Packing Corporation and on the Board's cross-application for enforcement of its order. The Board's order is reported at 230 N.L.R.B. 24 (1977).

The Board found that Tama denied Richard Thomas the opportunity to advance to a higher paying position, suspended him and finally discharged him on July 22, 1976, because of his union activities in violation of § 8(a)(1) and (3) of the National Labor Relations Act. 29 U.S.C. § 158(a)(1) and (3). It ordered that Thomas be offered reinstatement to either his prior job or the one with higher pay and given back pay with interest. The back pay was to be computed on the basis of the higher paying job. It also ordered Tama to post appropriate notices.

■ We have carefully reviewed the record and hold that the findings of the Board with respect to Thomas's suspension and discharge are supported by substantial evidence on the record as a whole, and that the Board's order with respect to the relief to be granted for the suspension and discharge is proper. We do so for the following reasons:

(1) In a prior proceeding, an administrative law judge found that Tama had committed unfair labor practices from May, 1975, to December, 1975, and had discriminated against Thomas who played a leading role in the Amalgamated Meat Cutters Union's organizational campaign during that period.

(2) After a Board election conducted on December 5, 1975, Thomas continued to wear his steward badge and other union insignia, and was active in filing unfair labor practice charges against Tama. He also participated in employee discussions with respect to Tama's June 1, 1976, announcement that gang-time would be eliminated and questioned the industrial relations manager about the announcement.

(3) Thomas had an excellent work record and had not been cited for deficiencies in his work or for absenteeism prior to his July 19, 1976, suspension.

(4) At the time of his suspension, Thomas was not given any reasons for the action.

(5) When Thomas was discharged, he was given three reasons for Tama's action. Two of the reasons given were properly found to be without substance. The third was of little substance and involved conduct for which other employees had not been reprimanded or suspended. None of the incidents for which Thomas was discharged had been called to his attention at the time they occurred, and Thomas was not questioned with respect to his version of the incidents before he was discharged.

*See N.L.R.B. v. Wal-Mart Stores, Inc.,* 488 F.2d 114 (8th Cir. 1973); *McGraw-Edison Company v. N.L.R.B.,* 419 F.2d 67 (8th Cir. 1969); *N.L.R.B. v. Melrose Processing Co.,* 351 F.2d 693 (8th Cir. 1965); *N.L.R.B. v. Council Manufacturing Corp.,* 334 F.2d 161 (8th Cir. 1964).

■ Tama has raised a question about the propriety of using evidence adduced in the 1975 unfair labor proceedings to establish animus towards Thomas. At oral argument, Tama cited *Singer Company, Wood Products Division v. N.L.R.B.,* 371 F.2d 623 (8th Cir. 1967), and *N.L.R.B. v. Southern Transport, Inc.,* 355 F.2d 978 (8th Cir. 1966), in support of its position. Those cases held that an adjudication of bad faith on an earlier occasion is not alone substantial evidence of bad faith to support the Board's

finding of animosity towards the union. Here, the prior adjudication does not stand alone; it is strongly supported by the other factors cited. In such circumstances, the prior adjudication can be used as evidence of present hostility. *N.L.R.B. v. Clinton Packing Co., Inc.,* 468 F.2d 953 (8th Cir. 1972).

We agree with Tama that the record as a whole does not support the Board's finding that Thomas was denied an opportunity to advance to the higher paying position of backsaw operator on July 19, 1976. The testimony does not establish that there was a vacancy in that position on that date. It is clear, however, that a vacancy did occur a few days later when Arden Vestal decided he did not want the position as a backsaw operator.

Accordingly, we enforce the Board's order insofar as it relates to Thomas's suspension, discharge and back pay with the following minor exception. Thomas is to receive back pay as a backsaw operator only from the date that Arden Vestal decided that he did not want that position.

Costs shall be taxed to the appellant.