NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

BONHAM COTTON MILLS, INC.,
Respondent.

No. 18042.

United States Court of Appeals
Fifth Circuit.

May 2, 1961.

Margaret M. Farmer, Atty., Thomas J. McDermott, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Duane B. Beeson, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

John E. Price, John M. Scott, Brown, Herman, Scott & Young, Fort Worth, Tex., for respondent.

Before CAMERON and BROWN, Circuit Judges, and HANNAY, District Judge.

PER CURIAM.

This case raises the question of the sufficiency of the evidence to sustain the Board's findings of refusal to bargain in good faith and improper surveillance of a union meeting in violation of Section 8(a) (1) and (5) of the Act, 29 U.S. C.A. § 158(a) (1) and (5). We find the evidence sufficient and enforce the order.

Respondent is a textile manufacturing concern in Bonham, Texas. Early in 1956 the United Textile Workers of America, AFL-CIO, was certified as the bargaining representative of Respondent's employees. Shortly thereafter and continuing past the filing date of the present complaint, a period of over a year, the parties engaged in prolonged negotiations. Some eleven meetings were held during which agreements were reached on several matters. The questions of pay raises and workloads, however, were constantly in dispute.

Disregarding the controversy over who is at fault, the Union or the Employer or neither for protracted non-productive bargaining, the Employer's action in two respects was sufficient to warrant a finding of a refusal to bargain in good faith. The Employer granted unilateral wage increases without consulting the bargaining representative and

likewise made substantial changes in the workloads of some employees. In the atmosphere of this case, including the § 8(a) (1) interference which was essentially a fact issue for the Board, these two actions amounted to a failure to bargain as well as unfair labor practices. N. L. R. B. v. Crompton-Highland Mills, Inc., 1949, 337 U.S. 217, 69 S.Ct. 960, 93 L.Ed. 1320; Armstrong Cork Co. v. N. L. R. B., 5 Cir., 1954, 211 F.2d 843; N. L. R. B. v. Herman Sausage Co., 5 Cir., 1960, 275 F.2d 229. See also N. L. R. B. v. Fant Milling Co., 1959, 360 U.S. 301, 79 S.Ct. 1179, 3 L.Ed.2d 1243, enforced on remand, 5 Cir., 272 F.2d 773. Of course surveillance of a union meeting has often been condemned as a Section 8(a) (1) violation. N. L. R. B. v. Dan River Mills, Inc., 5 Cir., 1960, 274 F.2d 381, 384.

·Enforced.

CAMERON, Circuit Judge, concurs in the result.