[Civ. No. 35137. First Dist., Div. Four. Feb. 6, 1975.]

DUBLIN PROFESSIONAL FIRE FIGHTERS, LOCAL 1885, AFL-CIO, Plaintiff and Respondent, v.
VALLEY COMMUNITY SERVICES DISTRICT et al., Defendants and Appellants.

**COUNSEL**

Byron D. Athan, in pro. per., and for Defendants and Appellants.

Davis, Cowell & Bowe and John H. Cohenour for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—Dublin Professional Fire Fighters Local 1885 brought this action against Valley Community Services District and its officers to compel the district to "meet and confer" with the union concerning the assignment of overtime work. The district's appeal is from a judgment granting a writ of mandamus.

Prior to June 1973, the district usually assigned overtime work to its regular employees. On May 15, 1973, however, a new policy was adopted, requiring use of temporary employees for overtime work. The union thereafter requested a conference with the district to discuss the new rule. The trial court found that the district had refused to meet and confer in good faith with employee representatives.

■ The requirement that a public agency meet and confer with recognized organizations of its employees is expressed in Government Code section 3505. In pertinent part, the statute provides that representatives of the public agency and of the employee organization shall "meet and confer promptly upon request by either party and . . . endeavor to reach agreement on matters within the scope of representation prior to the adoption by the public agency of its final budget for the ensuing year. . . ." The district contends that the statutory reference to the adoption of a budget implies that a request to meet and confer is ineffective if it is not made prior to the adoption of a budget. It is pointed out by the district that a budget for the 1973-1974 fiscal year was adopted on May 15, 1973, while the union did not ask for a conference until August 28. The construction proposed by the district is not correct; the obligation, in proper cases, to "meet and confer promptly upon request" is absolute, while the statutory admonition to "reach agreement" before the adoption of the budget is only hortatory. Agreement may not be reached at all, as the statute recognizes in stating that the negotiators should "endeavor" to reach agreement before the budget is adopted. Negotiation is required not only concerning wages and hours (both matters which may have budgetary impact) but also concerning "other terms and conditions of employment" which may have no effect on the budget. We conclude that a request for conference may be made at any time by either side, though the possibilities of resolving disagreements will of course be much influenced by the practical realities of the budget cycle.

■ The district also contends that the assignment of overtime work was not a proper subject of discussion under Government Code section 3505. The obligation to meet and confer in good faith extends to wages, hours and other terms and conditions of employment. (Gov. Code, § 3505.) In *Fire Fighters Union* v. *City of Vallejo* (1974) 12 Cal.3d 608, 615-616 [116 Cal.Rptr. 507, 526 P.2d 971], the Supreme Court noted that the phrase " 'wages, hours and other terms and conditions of employment' " was borrowed from the National Labor Relations Act (29 U.S.C. § 158 (d)). The court concluded that it is appropriate to use precedents under the federal statute as a guide to interpretation of analogous or identical language in state labor legislation. (12 Cal.3d at pp. 616-617.) The cases have recognized that issues relating to the workload of employees are proper subjects for negotiation. (*Gallenkamp Stores Co.* v. *N.L.R.B.* (9th Cir. 1968) 402 F.2d 525, 529, fn. 4; *N.L.R.B.* v. *Bonham Cotton Mills, Inc.* (5th Cir. 1961) 289 F.2d 903-904; *Los Angeles County Employees Assn., Local 660* v. *County of Los Angeles* (1973) 33 Cal.App.3d 1 [108 Cal.Rptr. 625]; *Beacon Piece Dyeing & Finishing Co., Inc.* (1958) 121 N.L.R.B. 953, 954, 956; see also *Fire Fighters Union* v. *City of Vallejo, supra,* 12 Cal.3d at pp. 619-621.) The assignment of overtime work to temporary service personnel will have an obvious effect on the workload and compensation of the regular employees, since the regular employees will be deprived of their customary priority in seeking such work. It may be that the district's new policy is to be preferred to the former practice. Nevertheless, the district is required to meet with the representatives of its employees and discuss their grievances candidly. The purpose of the statute is "to promote full communication between public employers and their employees by providing a reasonable method of resolving disputes . . . ." (Gov. Code, § 3500.) The peremptory writ of mandate was properly granted.

The judgment is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.